## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | * |
| | * |
| vs. | * Case No. 1:21-CR-00635-001CJN |
| | * |
| Susan Tingwei | * |
| | * |

## DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

Comes now the defendant Susan Tingwei by and through her attorney Richard Basile and, pursuant to 28 U.S.C. §2255 moves this Court to vacate, set aside or correct her sentence and states as follows:

### I. Procedural History

On October 19th, 2021, the government filed an information against the defendant charging her with one count of Health Care Fraud in violation of 18 U.S.C. §1347. On November 19th, 2021, the defendant pled guilty to this Count. At the time that she entered her plea, defendant was represented by attorney Harry Suissa. Thereafter, defendant retained attorney Jonathan Zucker who entered his appearance in this case on March 17th, 2022. A presentence investigation report was filed in this matter on February 24th, 2022. Defendant's counsel filed a sentencing memorandum on July 5th, 2022. On July 14th, 2022, the court sentenced the defendant to ten months of incarceration followed by twenty-four months of supervised release and ordered the defendant to pay $131,656.12 in restitution and a special assessment of $100.00. The defendant, since the time of sentencing, has awaited instructions as to the date and place at which to report to commence her term of incarceration. Within the past few days, the defendant has received instructions to report and surrender for her incarceration on August 20th, 2022.

## II. Ineffective Assistance of Counsel

As will be documented in this motion, the defendant received ineffective assistance of counsel because her counsel, Mr. Zucker, failed to argue to the court the extreme and long-standing nature of a health condition which endangers her life and which could pose the possibility of death if the defendant is incarcerated. Mr. Zucker failed to draw the Court's attention to defendant's health condition and failed to request a downward departure despite the fact that defendant had made Mr. Zucker fully aware of her condition. Mr. Zucker further failed to advise the United States Probation Officer of defendant's extreme health condition and failed to take exception to the very limited summary of defendant's health condition contained on page 14 of the Presentence Investigation Report. This failure occurred in spite of defendant advising both Mr. Zucker and the probation officer of the existence and detailed nature of her health condition. This condition would have and should have affected the sentence imposed by this court such that the defendant could have received a partial or completely suspended sentence and/or a sentence which imposed home confinement. As a result of ineffective assistance of counsel in failing to request a downward departure based on defendant's health condition, defendant received a sentence which was inappropriate and unreasonably dangerous to her personal safety given the nature of her health condition.

## III. Defendant's Health Condition

The defendant's attending physician is Dr. N. Onyeaghala of Krystal Medical Associates, LLC located at 12150 Annapolis Road, Suite 100, Glen Burnie, MD. Dr. Onyeaghala has submitted the attached letter marked Exhibit One and incorporated herein in which he summarizes the nature of defendant's physical condition. The defendant suffers from tibia osteomyelitis, adjacent Achilles tendinitis, Achilles tendinosis and recurrent ankle soft tissues abscesses. These complications have existed for one year and are recurring in nature. Her current prognosis is that of further complications including deep vein thrombosis and a debilitating worsening of her present condition. It is the doctor's opinion, based on his treatment of patients with a similar condition, that incarceration even for a short period of time would result in a "medical outcome" that would be "catastrophic." It is also the doctor's opinion that the defendant cannot obtain the necessary medical management required by her condition while incarcerated in a federal prison setting. Most ominously, the doctor opines that the condition of

2

incarceration could result in the defendant developing deep vein thrombosis, which could be a deadly condition.

The defendant's treatment in the past year has consisted of three surgeries in July 2021, October 2021 and July 2022. The defendant has been required to have daily IV medications and blood tests for bone infections every day for a period of one-half hour per day for 25 days from late June 2022 to July 2022. She has been administered Oxycodone every four hours on a daily basis as well as Cipro on a twice daily basis. She is now receiving a three month course of physical therapy for which she is seen three times per week. If this therapy is not successful, she will need further surgery to repair tendons that have been destroyed by infection. She presently requires the use of crutches and a walker in order to ambulate. In May 2021, she suffered a ruptured Achilles tendon and presently requires surgery to reattach the tendon. The rupture occurred as a result of an injection of an incorrect medication into the tendon.

Attached hereto and incorporated herein are photographs of the defendant and her medical condition which are marked Exhibits 2 through 12. Attached hereto and incorporated herein are the following exhibits:

Exhibit 13 – Physical Therapy Schedule

Exhibit 14 – White Oak Medical Discharge Instructions dated July 19th, 2022 and record dated July 2nd, 2022

Exhibit 15 – White Oak Medical Center Discharge Instructions and record dated June 19th, 2022

Exhibit 16 – Option Care Prescription Record dated June 16th, 2022

Exhibit 17 – White Oak Medical Center record for Jun 7th through June 15th, 2022

Exhibit 18 – White Oak Medical Center discharge instructions dated June 15th, 2022

Exhibit 19 – White Oak Medical Center discharge instructions dated May 31st, 2022

Exhibit 20 – Letter from Cameron Ministry of Public Health regarding treatment from May 20th, 2022 through May 23rd, 2022

Exhibit 21 – Letter dated September 30th, 2021 from Luminis Health Orthopedics

Exhibit 22 – ATI Physical Therapy Schedule for December 2021 through February 2022

Exhibit 23 – After Visit Summary from DCMC Capital Orthopedic Specialists

Exhibit 24 – Pre-op instructions from Capital Orthopedic Specialists

3

Exhibit 25 – Reports of Anne Arundel Medical Group for services rendered from June 15th, 2021 to February 8th, 2022.

IV. Defendant's Health Condition as a Sentencing Factor

If the Court finds that the defendant received ineffective assistance of counsel, then the defendant is entitled to relief pursuant to 28 U.S.C. §2255 as the sentence is subject to such a collateral attack. The factors to be considered in imposing sentence are set forth in 18 U.S.C. §3553 and specifically the factor addressing the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Section 5H1.4 of the Sentencing Guidelines provides that "physical condition … may be relevant in determining whether a departure is warranted, if the condition or appearance individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g. in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." United States v. Rioux, (1996 CA2 Conn.), 97 F.3d 648; United States v. Saucedo, (2000 CA6 Tenn.), 226 F.3d 782, 2000 FED App 3/5 P, cert den (2001) 531 U.S. 1102; United States v. Clough (2004, CA9 Wash) 360 F3d 967; United States v. Shadduck (1995, DC Mass.) 889 F Supp 8, affd in part and vacated in part on other grounds, remanded (1997, CA1 Mass.) 112 F3d 523. While the sentencing guidelines permit this consideration, such a consideration is permitted even if such was not permitted under the guidelines pursuant to 18 U.S.C. §3553. United States v. Pacheco-Soto, (386 F. Supp. 2d 1198 (2005 DC NM).

In the instant case, the medical record establishes that the defendant has had a lengthy history of a serious, life-threatening health condition which, most importantly, is unresolved and requires monitoring and ongoing treatment. The Bureau of Prisons, while it does address health conditions and treatment, is not set up to administer long-term, specialized, daily treatment and monitoring and multiple specialized surgical treatments nor is it set up to administer multiple, dangerous and addictive drugs on a daily schedule requiring multiple administrations of differing specified amounts. Such monitoring, testing and care is beyond the purview of the functions of the Bureau of Prisons and it is likely that the defendant would suffer from not receiving the types of required treatments from the Bureau of Prisons. In that instance, the punishment of

incarceration would truly be cruel and unusual. Additionally, the expense involved in such necessary treatment would not justify the imposition of incarceration given the nonviolent nature of defendant's offense and the total lack of criminal history of the defendant.

**WHEREFORE**, the defendant requests the following relief:

1. That this Court hold a hearing on this motion.
2. That this Court stay defendant's sentence of incarceration until such time as a ruling on defendant's motion.
3. That this Court grant defendant's motion to vacate, set aside or correct the sentence to suspend defendant's period of active incarceration.

Richard S. Basile, Esq. (D.C. Bar # 374069)
6305 Ivy Lane, Suite 510
Greenbelt, MD 20770
rearsb@gmail.com
P: 301-441-4900
F: 301-441-2404