UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　v.<br><br>SUSAN ENGONWEI TINGWEI<br><br>　　　　*Defendant*. | Criminal Action No. 1:21-cr-00635 (CJN) |

## ORDER

Susan Tingwei pled guilty to one count of health care fraud under 18 U.S.C. § 1347 and received a 10-month prison sentence. She now moves to vacate, set aside, or correct her sentence under 18 U.S.C. § 2255, contending that she received ineffective assistance of counsel during sentencing. *See* Mot. to Vacate ("Mot."), ECF No. 74. Tingwei (a lawyer herself) claims that her attorney improperly failed to request a lighter sentence on the basis of her "extreme and long-standing" "health condition." *Id.* at 2. That health condition is "tibia osteomyelitis, adjacent Achilles tendinitis, Achilles tendinosis and recurrent ankle soft tissues abscesses." *Id.* The Court is unconvinced by Tingwei's claims and DENIES the motion.

To prevail on her claim of ineffective assistance of counsel, Tingwei must show (1) that her "counsel's performance fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Payne v. Stansberry*, 760 F.3d 10, 13 (D.C. Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Because a defendant's failure to meet either one of the requirements dooms an ineffective assistance claim, the Court jumps straight to the prejudice prong. *See Strickland*, 466 U.S. at 679.

1

There is no reasonable probability that the Court would have given Tingwei a lower sentence had her counsel thoroughly raised her medical condition at sentencing. In fact, as the sentencing court, this "Court can state with confidence that it would not have" given Tingwei a different sentence had it been aware of all the evidence Tingwei now presents about her condition. *See United States v. Daniel*, No. 17-CR-233, 2020 WL 6060311, at *4 (D.D.C. Oct. 14, 2020); *United States v. Awoleye*, 16-CR-177, 2018 WL 10397033, at *1 n.1 (D.D.C. Jan. 9, 2018) (sentencing judge finding no prejudice, confirming that he "would not have departed downward any further, even if counsel had requested a departure").

The two most important reasons for the Court's sentence were (1) the "very serious" nature of Tingwei's conduct, given that she "[d]efrauded the D.C. Medicaid program out of more than $125,000" "while attending law school" and continued to engage in fraud "after being talked to by the FBI" and (2) the need to deter others from engaging in fraud. Tingwei's medical conditions do not mitigate the seriousness of her offense or reduce the need for deterrence. Thus, the affirmative reasons for Tingwei's sentence would have been unaffected by the arguments about her medical condition.

Moreover, the Court would not have been convinced that a reduced sentence was warranted because Tingwei's medical needs would not be met in prison. The prison system regularly handles prisoners with all sorts of serious medical conditions. *See* Gov.'s Suppl. Mem. in Opp. at 7, ECF No. 92. And the Court does not find Tingwei's doctor's statements about the hardships Tingwei would face in prison on account of her medical condition entirely credible. Her doctor, Dr. Onyeaghala, admitted that he lacks any first-hand knowledge of the Bureau of Prison's current medical capabilities. In any event, Dr. Onyeaghala's claims might be best taken with a grain of salt. He has previously entered into a settlement agreement with the United States for submitting

false claims to Medicare and Medicaid. *See* Gov.'s Mem. in Opp. at 8, ECF No. 85. And an Administrative Law Judge once afforded "very little weight" to Dr. Onyeaghala's opinion because it was "overly drastic." *See* Smith v. Berryhill, No. 15-CV-1521, 2017 WL 4174420, at *2 (D.D.C. Feb. 24, 2017).

In sum, Tingwei's ineffective-assistance claim fails because she has not demonstrated prejudice. Even if Tinwei's counsel at sentencing had made every argument Tingwei now raises, the Court's sentence would have been exactly the same.

Accordingly, it is **ORDERED** that the motion to vacate, ECF No. 74, is DENIED.

DATE: February 7, 2024

_____
CARL J. NICHOLS
United States District Judge